UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH CHARLES CHARLOT, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:14-CV-0738 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Petitioner James Charles Charlot, an inmate in the custody of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID), seeks federal habeas corpus relief based on the denial of "street-time credit" following revocation of his parole. (Docket Nos. 1, 10). Respondent William Stephens has moved for summary judgment, arguing that federal law does not guarantee the right to street-time credit and that state statute requires forfeiture of Petitioner's street-time credit based on his new criminal conviction. (Docket No. 13). Having considered the pleadings, record, and applicable law--particularly the relevant provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")--and for the reasons discussed below, the Court determines that Petitioner is not entitled to federal habeas corpus relief. Accordingly, Respondent's summary judgment motion will be granted and Petitioner's habeas petition denied. No issue will be certified for appellate review.

BACKGROUND

Pursuant to a guilty plea in the 400th District Court of Fort Bend County, Texas, Petitioner received an eight-year sentence in 2006 on his conviction for sexual assault of a child. (Docket No. 11-3 at 15-16.) The State of Texas released Petitioner to parole on March 25, 2011.

(Id. at 20-21.)  After a new conviction for indecent exposure in 2012, the Texas Department of Criminal Justice ("TDCJ") revoked Petitioner's parole on November 16, 2012, and Petitioner began serving the remainder of his prison term for the sexual-assault-of-a-child conviction. Petitioner was not given credit towards his prison sentence for the time he was on parole ("street-time credit").[1]  (Docket No. 11-3 at 98.)

Petitioner subsequently filed a state habeas corpus application.  (Docket no. 11-3 at 67-78.)  Petitioner did not challenge the substance of his underlying sexual-assault conviction or the indecent-exposure offense that resulted in his return to prison.  Instead, Petitioner complained that TDCJ should credit his street-time toward fulfilling the 2006 sentence.  The state habeas court recommended that the Court of Criminal Appeals deny relief because Texas statute prohibited Petitioner from receiving street-time credit based on his sexual-assault-of-a-child conviction.  *See* TEX. GOV. CODE 508.283(b).  The Texas Court of Criminal Appeals denied relief based on the written findings of the lower court without holding a hearing.  *Ex parte Charlot*, No. WR-80,758-01 (Tex. Crim. App. Feb. 19, 2014).  Petitioner then filed the instant federal habeas petition on March 19, 2014.  (Docket No. 1.)

Petitioner raises a single claim in his instant petition, that the "protection provided by the Due process clause of both state and Federal constitution is violated when his sentence as imposed by the sentencing judge [was] purportedly amended to reflect something other than the sentence imposed by the court." (Docket No. 1 at 6).  In essence, Petitioner contends that the sentence imposed by the trial judge set a firm date for the conclusion of his time in custody, as reflected in the "maximum expiration date" originally calculated by TDCJ.  Petitioner asserts

---

[1] "'Street-time credit refers to calendar time a person receives towards his sentence for days spent on parole or mandatory supervision.'"  *Rhodes v. Thaler*, 713 F.3d 264, 265 n. 1 (5th Cir. 2013) (quoting *Ex parte Spann*, 132 S.W.3d 390, 392 n. 2 (Tex. Crim. App. 2004)).  Petitioner forfeited one year, seven months, and one day of street-time credit.

that the failure to include street-time credit in his time calculation illegally extended his release date in violation of the Due Process Clause.

## LEGAL STANDARD

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 780 (2011). Federal habeas corpus review provides an important, but limited, examination of state criminal judgments. "The States possess primary authority for defining and enforcing the criminal law. In criminal trials they also hold the initial responsibility for vindicating constitutional rights." *Engle v. Isaac*, 456 U.S. 107, 128 (1982) (quotation omitted); *see also Richter*, ___ U.S. at ___, 131 S. Ct. at 787 ("[T]he basic structure of federal habeas jurisdiction [is] designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions."); *Calderon v. Thompson*, 523 U.S. 538, 555-56 (1998); *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983). AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt," *Renico v. Lett*, ___ U.S. ___, 130 S. Ct. 1855, 1862 (2010) (quotations omitted), codifying traditional principles of finality, comity, and federalism that underlie the limited scope of federal habeas review.

Under AEDPA, "a federal court cannot grant a petition for a writ of habeas corpus unless the state court's adjudication of the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law.'" *Berghuis v. Thompkins*, ___ U.S. ___, 130 S. Ct. 2250, 2258 (2010) (quoting 28 U.S.C. § 2254(d)(1)). A habeas petitioner may only obtain relief (1) "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a

set of materially indistinguishable facts"; or (2) "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also Thaler v. Haynes*, ___ U.S. ___, 130 S. Ct. 1171, 1174 (2010); *Bell v. Cone*, 535 U.S. 685, 698 (2002); *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

## ANALYSIS

Petitioner's claim that TDCJ unconstitutionally extended his prison sentence by not crediting him for time spent on parole has no legal merit. In order to establish a due process violation, a petitioner must show deprivation of a protected right to which he has a "legitimate claim of entitlement." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Under Texas law, when a person convicted of certain crimes is paroled but then has his parole revoked, the offender must "serve the remaining portion of the sentence on which the person was released." TEX. GOV'T CODE § 508.283. Petitioner does not challenge the facial validity of that statute, nor does he deny that his conviction for sexual-assault-of-a-child came within the statute. Instead, he merely complains that denial of "street-time" will cause him to be incarcerated beyond the date originally calculated by TDCJ as the maximum expiration date on his sentence. However, it is well-established that there is no state or federal constitutional right to street-time credit. *See Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001); *Morrison v. Johnson*, 106 F.3d 127, 129 (5th Cir. 1997). As such, Petitioner "had no liberty interest in those credits" that he lost due to the revocation of his parole. *Hayes v. Texas*, 370 F. App'x 508, 509 (5th Cir. 2010); *see also Johnson v. Quarterman*, 304 F. App'x 234, 236 (5 h Cir. 2008). Moreover, the denial of street-time credit and the concomitant recalculation of Petitioner's maximum sentence expiration date did not increase Petitioner's prison sentence beyond the

original prison term handed down by the trial court. In effect, the time Petitioner spent on parole was treated merely as a furlough of his prison sentence. Petitioner has not offered any support for his apparent contention that the original calculation his maximum expiration date created a liberty interest in release prior to that date. Instead, that calculation was merely an administrative determination which had no bearing on Petitioner's actual sentence.

On state habeas review, the Texas Court of Criminal Appeals concluded that Petitioner is not entitled to credit towards his prison sentence for time spent on parole. Petitioner has not shown that this decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U .S.C. § 2254(d)(1). Thus, Petitioner is not entitled to federal habeas corpus relief.

## CERTIFICATE OF APPEALABILITY

AEDPA prevents appellate consideration of a habeas petition unless the district or circuit court certifies specific issues for review. *See* 28 U.S.C. § 2253(c); FED. R. APP. P. Rule 22(b). Although Petitioner has not yet requested a Certificate of Appealability ("COA"), the Court can consider the issue *sua sponte*. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A court may only issue a COA when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because definitive and binding precedent forecloses relief on Petitioner's claim, he cannot make such a showing here. Thus, this Court will not issue a Certificate of Appealability from this decision.

ORDER

Based on the foregoing, it is ORDERED that:

1. Respondent's motion for summary judgment (Docket No. 13) is GRANTED.

2. Petitioner's federal petition for a writ of habeas corpus is DENIED.

3. A Certificate of Appealability is DENIED.

4. All other pending motions, if any, are DENIED.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 19th day of March, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE